**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Boston Scientific Corp. and Target Therapeutics, Inc., <br><br>        Plaintiffs,<br>   v.<br><br>Cordis Corp.,<br><br>        Defendant. | NO. C 02-01474 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR CLAIM CONSTRUCTION OF ADDITIONAL CLAIM TERMS** |

### I. INTRODUCTION

Boston Scientific Corp. and Target Therapeutics, Inc. ("Plaintiffs") filed this action against Cordis Corp. ("Defendant") alleging infringement of a number of patents relating to methods and devices for treating aneurysms. Presently before the Court is Defendant's Motion for Claim Construction of Additional Claim Terms. Plaintiffs oppose this motion on numerous grounds. Based upon the parties' submissions to date and oral arguments at the hearing on June 27, 2006, the Court GRANTS Defendant's Motion.

### II. BACKGROUND

Plaintiffs have alleged that Defendant's Trufill DCS Detachable Coil System infringes numerous claims of U.S. Patents 5,895,385 ("the '385 patent"), 6,010,498 ("the '498 patent"), and 6,238,415 ("the '415 patent"). On September 19, 2003, the Court held a hearing in accordance with Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), to construe the disputed terms and

phrases of the asserted claims. On October 7, 2003, the Court issued a <u>Markman</u> Order construing certain terms of the '385, '498, and '415 patents. (Docket No. 177.) A complete background of the technology and patents-in-suit is provided in this <u>Markman</u> Order.

On October 1, 2004, Defendant filed an <u>Ex Parte</u> Reexamination Request with the U.S. Patent and Trademark Office ("USPTO") with respect to the '498 patent.[1] (Declaration of Matthew T. Powers in Support of Defendant Cordis' Motion for Claim Construction of Additional Claim Terms, "Def.'s Decl.," Docket No. 859, Ex. 2.) Among other things, Defendant argued that claims 3 and 9 of the '498 patent, which describe the distal tip structure of the vascular catheter as "adapted to be multiply folded upon itself," were obvious in light of U.S. Patents 5,261,916 ("the '916 patent") and 4,994,069 ("the '069 patent"). (Def.'s Decl. Ex. 2 at 12.) Specifically, Defendant argued the '069 patent disclosed a coil that is "capable of being multiply folded upon itself to occlude the body cavity." (Def.'s Decl. Ex. 2 at 12.)

In February 2006, the USPTO mailed a Notice of Intent to Issue <u>Ex Parte</u> Reexamination Certificate ("NIRC") with respect to the '498 patent. (Def.'s Decl. Ex. 1.) The USPTO examiner rejected all of Defendant's arguments. (Def.'s Decl. Ex. 1 at 2.) With respect to Defendant's arguments regarding the '916 and '069 patents, the examiner stated in part:

> [The] '916 respectfully to the request does not disclose a coil capable of being multiply folded upon itself to fill the cavity of an aneurysm. Instead, Engelson '916 and the Ritchart '069, which is incorporated by reference by Engelson '916, coils are coils having a predetermined shape when no forces are applied to said coils and after the proper amount of force is placed on the coils in order for said coils to fit inside the catheter to be pushed therethrough, said coils returned to the predetermined shapes that are generally dictated in the figures of Ritchart '069 once released by the catheter.

(Def.'s Decl. Ex. 1. at 3.)

In light of this statement, Defendant filed a motion for claim construction of "multiply folded upon itself," a term which appears in both the '385 and '498 patents. (Defendant Cordis' Motion for Claim Construction of Additional Claim Terms, "Def.'s Mot.," Docket No. 858.) Plaintiffs oppose

---

[1] A request for reexamination of the '385 patent was filed concurrently with this request.

2

1 Defendant's motion on numerous grounds.  (See Plaintiffs' Opposition to Defendant Cordis' Motion
2 for Claim Construction of Additional Claim Terms, "Pls.' Opp'n," Docket No. 875.)

### III.  DISCUSSION

The term "multiply folded upon itself" appears in both the '385 and '498 patents. Independent claims 7, 15, 32, and 38 of the '385 patent each refer to either a "relaxed coil capable of being multiply folded upon itself" or a "deformable object capable of being multiply folded upon itself." Dependent claims 3 and 9 of the '498 patent each describe the "detachable elongate tip portion" as a "substantially pliable segment adapted to be multiply folded upon itself."  Although the Court construed the term "relaxed coil" in the '385 patent in its October 7, 2003 Markman Order, the "multiply folded" term has not been construed by the Court.

Defendant argues the statements made by the USPTO examiner in the NIRC constitute new intrinsic evidence that warrants construction of the "multiply folded" term. (Def.'s Mot. at 3-4.) Defendant contends the examiner construed "multiply folded upon itself" to exclude prebiased coils or coils of a predetermined shape. (Def.'s Mot. at 1.)  According to Defendant, this new evidence is significant because Defendant's products employ prebiased coils. (Def.'s Mot. at 1.)  Defendant maintains its products would not fall within the asserted claims containing such a limitation if the examiner's construction is adopted. (Def.'s Mot. at 1.)

Plaintiffs oppose construction of the "multiply folded" term for numerous reasons.  First, Plaintiffs argue the claims and specifications of the '385 and '498 patents make it clear the claimed coils include coils that have a prebiased shape. Second, Plaintiffs contend Defendant has taken the examiner's statements out of context and that the examiner really did not construe the claims of the '498 patent to exclude prebiased coils. Finally, Plaintiffs contend the Court previously rejected Defendant's argument that the claims exclude prebiased coils when it construed the term "relaxed coil" in its October 7, 2003 Markman Order. The Court, as Plaintiffs note, said "a prebiased coil is considered a relaxed coil as long after the coil is deployed in the vascular cavity the coil results in a shape that loosely deforms to the interior shape." (Docket No. 177 at 18.)

3

Despite the arguments Plaintiffs advance as to why the Court should not order claim construction of the "multiply folded" term, the Court is not convinced it should refrain from construing this additional term. Plaintiffs may be correct in that the claims and specification of the '385 and '498 patents indicate the claimed coils may have a prebiased shape, but the Court finds this is an issue that should be resolved through further construction of the claim terms. Additionally, the Court does not find its previous construction of "relaxed coil" in the '385 patent obviates the need to construe the "multiply folded" term, which appears in both the '385 and '498 patents.

## IV. CONCLUSION

The Court GRANTS Defendant's Motion for Claim Construction of Additional Claim Terms. The parties shall submit supplemental briefs regarding construction of the "multiply folded" term on or before July 11, 2006. Such briefs shall be no longer than twelve (12) pages in length, not including exhibits. Any reply briefs shall be no longer than five (5) pages in length and filed on or before July 18, 2006.

Dated: June 27, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Amanda Marie Kessel akessel@goodwinprocter.com
Christopher T. Holding cholding@goodwinprocter.com
David T. Pritikin dpritikin@sidley.com
Edward V. Anderson evanderson@sidley.com
Georgia K. Van Zanten gvanzanten@sidley.com
Hugh A. Abrams habrams@sidley.com
J. Anthony Downs jdowns@goodwinprocter.com
Julie Lynn Fieber jfieber@flk.com
Lisa Anne Schneider lschneider@sidley.com
Marc A. Cavan mcavan@sidley.com
Matthew T. Powers mpowers@sidley.com
Michael Francis Kelleher mkelleher@flk.com
Patrick E. Premo ppremo@fenwick.com
Paul F. Ware pware@goodwinprocter.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Stephanie Pauline Koh skoh@sidley.com
Susan E. Bower sbower@sidley.com
Teague I. Donahey tdonahey@sidley.com
Tracy J. Phillips tphillips@sidley.com

**Dated: June 27, 2006**                                **Richard W. Wieking, Clerk**

                                                        **By:      /s/ JW Chambers**
                                                            **Melissa Peralta**
                                                            **Courtroom Deputy**