*E-FILED 7/7/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, ET AL., | NO. C 02-1474 JW (RS) |
| Plaintiffs, | **ORDER GRANTING LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS** |
| v. | |
| CORDIS CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

In this patent infringement action, defendant Cordis Corporation seeks leave to amend its final patent invalidity contentions, which are required under the local rules. Although Cordis has previously sought leave to amend its contentions on several occasions, the matters it wishes to raise now only recently became the subject of certain proceedings in the U.S. Patent and Trademark office. In view of all the circumstances, including the minimal resulting prejudice, there is good cause to permit the amendment and the motion will be granted.

## II. BACKGROUND

Plaintiffs filed this action in March of 2002 alleging that Cordis has willfully infringed two patents, U.S. Patent Nos. 5,895,385 and 6,010,498. As required by Local Patent Rule 3-6, Cordis first served its Final Invalidity Contentions in November of 2003. Thereafter, during 2004, Cordis twice sought leave of Court to amend those contentions, but the presiding judge declined to permit the amendments Cordis was seeking to make, with the exception that Cordis was allowed to make

1

1  limited changes in light of the claim construction order.  In 2005, the undersigned granted another
2  motion by Cordis for leave to amend its invalidity contentions, during a time period when trial in
3  this action had been stayed.  Each time Cordis sought leave to amend, the Court evaluated whether
4  Cordis had shown good cause as to the particular proposed amendment and the degree to which
5  allowing the amendment would cause prejudice to plaintiffs.

6  On this occasion, Cordis seeks leave to amend its invalidity contentions to add a claim that
7  U.S. Patent No. 5,122,136 is prior art that either anticipates or renders obvious the asserted claims of
8  the '385 and '498 patents.  This request to amend was triggered by the fact that in February of this
9  year the PTO determined that the '136 is invalidating prior art to some of the claims in the '385
10  patent.  Cordis contends that this issue at least potentially raises a similar question as to the validity
11  of the '498 patent.

12  Plaintiffs contend that the PTO's finding of invalidity as to certain of the claims in the '385
13  patent is the result of a simple "clerical" error in the patent specification regarding the chronology of
14  the prosecution history, and that the error will eventually be remedied through reissue proceedings at
15  the PTO.  Plaintiffs further contend that this issue does not implicate the '498 patent at all, which
16  does not contain the same "clerical" error in the specification.

17  At the time Cordis filed this motion, this matter was set for trial in September of this year.
18  The presiding judge has since vacated that date, and it is not anticipated that trial will occur until
19  next year.

20
21                                      III.  DISCUSSION

22  Under Patent Local Rule 3-7, a party seeking to amend its final contentions (either
23  infringement contentions or invalidity contentions) must obtain leave of court by showing "good
24  cause." Leave to amend is *not* granted as freely in this context as in some others.

25  > The patent local rules were adopted by this district in order to give claim charts more
26  > "bite." The rules are designed to require parties to crystallize their theories of the case
   > early in the litigation and to adhere to those theories once they have been disclosed . .
27  > . . Unlike the liberal policy for amending pleadings, the philosophy behind amending
   > claim charts is decidedly conservative, and designed to prevent the "shifting sands"
   > approach to claim construction. *Atmel Corp. v. Information Storage Devices, Inc.*,
28  > 1998 WL 775115 at *2 (N.D.Cal.1998). Although the Patent Local Rules have since

> been amended to make it somewhat easier to amend claim charts, the general philosophy behind the Patent Local Rules remains as stated in *Atmel*.

*L.G. Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal 2002).

Nevertheless, the policy against allowing parties to cast about for theories or endlessly revise them should not be so rigidly applied as to preclude a party from asserting a new theory where some external event has given rise to a recognition that such a theory may be viable. Here, at least as to the '385 patent, Cordis is seeking to pursue an invalidity theory that recently has been recognized by the PTO itself as having sufficient merit that the PTO has, for now, rejected the asserted claims of the patent. There is no dispute that Cordis brought this motion promptly after the PTO acted. Further, there is no suggestion that this is a situation where a party simply came up with a new theory on its own long after the time that the rules require litigants to "crystalize" their strategies.

Plaintiffs argue that Cordis *could* have asserted this theory from the outset, because it arises from a defect that appears on the face of the specification, and because the presiding judge called attention to that defect in a footnote of his claim construction order more than two years ago. There is a significant difference, though, between seeing (or failing to see) a possible argument for invalidity and having the PTO actually reject claims based on that argument.

Not only has Cordis shown a legitimate reason for raising this issue now, but there is little reason to conclude that plaintiffs will be unduly prejudiced by allowing the amendment. Under plaintiffs' own view, these new invalidity contentions will be easily defeated. If plaintiffs are correct about that, they have little reason to complain. If, conversely, these contentions have merit, then plaintiffs face the much bigger problem that the claims in dispute may not survive the reissue process at the PTO. Either way, the mere fact that Cordis has been allowed to amend its contentions in this proceeding will not cause great hardship to plaintiffs.

From a practical standpoint, Cordis represents, and plaintiffs have failed to demonstrate otherwise, that the only real burden to the parties of allowing this amendment is that the parties' respective experts will have to supplement their existing reports and will be subject to additional deposition. Cordis has offered to produce its expert for further deposition at the office of plaintiffs' counsel in Boston for that purpose. Cordis has also stipulated that it will *not* seek summary

3

judgment based on these new contentions. The granting of this motion is conditioned on Cordis abiding by both those concessions.

The remaining question is whether Cordis should be permitted to amend its contentions as to *both* the patents, or only as to the '385 patent, given that the '489 patent does not contain the same error on its face, and that its claims have not been rejected by the PTO. Given that allowing the amendment as to both patents does not appear to expand significantly the scope of the issues, however, the Court is not willing to draw a line between them. If plaintiffs are correct, they will have even less difficulty in defeating these contentions with respect to the '489 patent.

## IV.  CONCLUSION

The motion is GRANTED, on the condition that Cordis produces its expert for further deposition at the office of plaintiffs' counsel offices in Boston and that Cordis refrain from seeking summary judgment based on these new contentions.

IT IS SO ORDERED.

Dated: July 7, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS
C 02-1474 JW (RS)
4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Hugh A. Abrams     habrams@sidley.com

Edward V. Anderson     evanderson@sidley.com, nye@sidley.com

Susan E. Bower     sbower@sidley.com

Marc A. Cavan     mcavan@sidley.com,

Teague I. Donahey     tdonahey@sidley.com, sheila.brown@sidley.com

J. Anthony Downs     jdowns@goodwinprocter.com,

Julie Lynn Fieber     jfieber@flk.com

Michael Francis Kelleher     mkelleher@flk.com,

Amanda Marie Kessel     akessel@goodwinprocter.com

Stephanie Pauline Koh     skoh@sidley.com,

Tracy J. Phillips     tphillips@sidley.com, grodriguez@sidley.com

Matthew T. Powers     mpowers@sidley.com, sheila.brown@sidley.com

Patrick E. Premo     ppremo@fenwick.com

David T. Pritikin     dpritikin@sidley.com

Lisa Anne Schneider     lschneider@sidley.com

Roland Schwillinski     rschwillinski@goodwinprocter.com,

Georgia K. Van Zanten     gvanzanten@sidley.com, nye@sidley.com

Paul F. Ware , JrPC     pware@goodwinprocter.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/7/06**                                              **Chambers of Judge Richard Seeborg**

**By:        /s/ BAK**

ORDER GRANTING LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS
C 02-1474 JW (RS)