**United States District Court**
For the Northern District of California

**\*E-FILED 9/13/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, ET AL., | NO. C 02-1474 JW (RS) |
|      Plaintiffs, | **ORDER GRANTING RELIEF** |
|   v. | **FROM PROTECTIVE ORDER** |
| CORDIS CORPORATION, | |
|      Defendant. | |
| _____/ | |

## I.  INTRODUCTION

During discovery in this patent infringement action, the parties have produced various materials subject to a protective order.  Plaintiffs Boston Scientific Corporation and Target Therapeutics, Inc. (collectively "Boston Scientific") seeks relief from that protective order so that it can transmit to the U.S. Patent and Trademark Office certain documents produced by defendant Cordis Corporation and designated by it as "confidential."  Cordis does not oppose the motion as to some of the documents, but contends that three others remain highly confidential and that the motion should be denied as to those.

Two of the documents in dispute were previously the subject of a motion wherein Boston Scientific sought relief from the protective order to permit it to disclose the documents to its expert witness.  In granting that motion, the Court concluded that Cordis had failed to demonstrate that the documents contained "highly sensitive or competitive material."  Although some of the other considerations are different in the present motion, Cordis has still failed to show that it would suffer

1

**United States District Court**
For the Northern District of California

1   harm or prejudice from the disclosure sought by Boston Scientific.  The motion therefore will be

2   granted.

3                                            II.  BACKGROUND[1]

4          In this action, Cordis has asserted, among other things, that Boston Scientific's '415 patent is

5   invalid in light of alleged prior art embodied in work done by Cordis and/or Lawrence Livermore

6   National Laboratories prior to issuance of the '415 patent.  Presently pending before the PTO are

7   two continuation applications related to the '415 patent–a reissue application on a continuation

8   patent and a direct continuation of the '415 patent.

9          Under PTO guidelines, Boston Scientific is obligated to disclose to the PTO any "material

10  information" arising from litigation regarding the '415 patent.  Boston Scientific asserts that it does

11  *not* believe the documents in dispute in this motion actually are "material" to the continuation

12  applications (presumably because Boston Scientific contends that Cordis's invalidity contentions

13  lack merit), but Boston Scientific wishes to submit the documents to the PTO "out of an abundance

14  of caution."

15         Under PTO regulations, the documents would be submitted under seal, and would become

16  public only if found to be "important to a reasonable examiner in deciding on patentability."  Cordis

17  does not dispute that it is reasonable for Boston Scientific to want to disclose the existence of these

18  materials to the PTO, but it proposes that Boston Scientific do so *without* providing the actual

19  documents until and unless the PTO requests them.

20         As noted above, Cordis does not oppose Boston Scientific's request for relief with respect to

21  many of the documents that were the subject of this motion.[2]  The documents remaining in dispute

22  are exhibits A, D, and E to the Kessel declaration.  This Court's order filed June 2, 2004, permitted

23  disclosure to Boston Scientific's expert of the documents attached as exhibits A and D.  The exhibit

24  E document was not part of that motion, but contains substantially similar information.

25

26         [1]  The general background of this action has been described in prior orders and will not be
27  repeated here.

28         [2]  The motion will therefore be granted as unopposed as to the documents attached as
    exhibits B, C, and F – J to the Declaration of Amanda Kessel dated August 4, 2006.

United States District Court

For the Northern District of California

1

### III.  DISCUSSION

2      The documents in dispute are two engineering notebooks and a memorandum all dating to

3 1995 or earlier and reflecting research and development work Cordis was performing at that time.  In

4 the prior order concerning these material, the Court noted that Cordis had failed "to explain how and

5 why such information remains 'sensitive and confidential' given that it, at least in part, involves a

6 product that is publicly available and has been on the market for almost two years [now three] and

7 otherwise constitutes research conducted nearly ten years ago."  June 2, 2004 Order at 4:13-15.

8      In opposition to the present motion, Cordis attempts to explain that it still considers these

9 documents highly confidential because they "can contain information that may lead to future

10 products or that may be used to develop ideas for future products."  Declaration of Mark

11 Pomeranz, ¶ 7.   Cordis also argues that the documents reflect its "experimental methods, testing

12 strategies, product development procedures, engineering processes and other confidential

13 information" that would be useful to a competitor.  *Id.*

14      The assertion that there may still be information or "ideas" in these materials that may lead to

15 future products is overly speculative and conclusory.  Although Cordis cannot be expected to oppose

16 this motion by disclosing the details of any "ideas" or future products that it may still be working on,

17 something more than a bald assertion that there "can" still be confidential information in materials as

18 dated as these is required.  For example, if Cordis offered evidence that it is still using these

19 documents–or the information contained in the documents, albeit now transferred to other

20 documents–in ongoing projects, the result could be different.  The showing made by Cordis,

21 however, is insufficient.

22      Cordis's alternative argument that the documents may disclose its research *methods* and

23 *procedures* (as opposed to proprietary ideas, data, or other information learned through the research)

24 is likewise overly conclusory.  Cordis has offered no evidence that it employs research methods or

25 procedures that are unique or even unusual in its field.  Again, Cordis would not be expected to

26 explain the precise details of what it considers to be its special approach, but it has offered no

27 specific evidence that it has discovered and utilizes methodologies that vary from the standard

28 scientific methods well known in the art, or that any such methodologies are reflected in the

1   materials at issue.

2       Finally, Cordis's proposal that Boston Scientific proceed by first alerting the PTO to the

3   existence of these materials is rejected as impractical.  Even if Boston Scientific were to withhold

4   the actual documents, it likely would need relief from the protective order to describe them in

5   sufficient detail to permit  the PTO to judge the materiality of the information. Certainly to do its

6   work, the PTO is entitled to a full and complete record and need not be put to the task of speculating

7   on whether it needs more information.  Finally, if the PTO were required to request the materials, all

8   that will have been achieved by the two-step process is delay.

9

10                              IV.  CONCLUSION

11      Boston Scientific's  motion for relief from the protective order is GRANTED.  The

12  documents may be submitted to the PTO under seal.

13

14  IT IS SO ORDERED.

15  Dated: September 13, 2006

                                    _____
                                    RICHARD SEEBORG
16                                  United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

C 02-1474 JW (RS)

4

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Hugh A. Abrams    habrams@sidley.com

3  Edward V. Anderson    evanderson@sidley.com, dhanaman@sidley.com

4  Susan E. Bower    sbower@sidley.com

5  Marc A. Cavan    mcavan@sidley.com,

6  Teague I. Donahey    tdonahey@sidley.com, sheila.brown@sidley.com

7  J. Anthony Downs    jdowns@goodwinprocter.com,

8  Julie Lynn Fieber    jfieber@flk.com

9  Michael Francis Kelleher    mkelleher@flk.com,

10  Amanda Marie Kessel    akessel@goodwinprocter.com

11  Stephanie Pauline Koh    skoh@sidley.com,

12  Tracy J. Phillips    tphillips@sidley.com, grodriguez@sidley.com

13  Matthew T. Powers    mpowers@sidley.com, sheila.brown@sidley.com

14  Patrick E. Premo    ppremo@fenwick.com

15  David T. Pritikin    dpritikin@sidley.com

16  Lisa Anne Schneider    lschneider@sidley.com

17  Roland Schwillinski    rschwillinski@goodwinprocter.com,

18  Georgia K. Van Zanten    gvanzanten@sidley.com, dhanaman@sidley.com

19  Paul F. Ware , JrPC    pware@goodwinprocter.com,

20

21  Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the Court's CM/ECF program.

22

23  **Dated: 9/13/06**                                          **Chambers of Judge Richard Seeborg**

24
                                                    **By:** _____/s/BAK_____
25

26

27

28

C 02-1474 JW (RS)

5