**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Boston Scientific Corp. and Target Therapeutics, Inc., <br><br> Plaintiffs, <br> v. <br><br> Cordis Corp., <br><br> Defendant. | NO. C 02-01474 JW <br><br> **SUPPLEMENTAL CLAIM CONSTRUCTION ORDER** |

## I.  INTRODUCTION

On December 5, 2006, the Court conducted a hearing in accordance with Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), to construe an additional phrase which is used in Claims 3 and 9 of U.S. Patent No. 6,010,498 patent ("the '498 Patent") and Claims 8 and 33 of U.S. Patent No. 5,895,385 ("the '385 Patent").  This Order sets forth the Court's construction of the phrases at issue.

## II.  DISCUSSION

**A.     Claim Term in Dispute:  "adapted to"**

Claim 3 of the '498 Patent provides:

> The combination of claim 1 wherein said detachable elongate tip portion is a long and substantially pliable segment **adapted to** be multiply folded upon itself to substantially pack said body cavity.

('498 Patent, Col. 13:15-18.)

1  The parties dispute the proper construction of the phrase "adapted to."  Similar use of the

2 phrase "adapted to" appears in Claim 9 of the '498 Patent and Claims 8 and 33 of the '385 Patent.

3 For example, Claim 8 provides:

4 The improvement of claim 7 wherein said elongate distal tip is a long and
substantially pliable segment **adapted to** be multiply folded upon itself to
5 sufficiently occupy said body cavity to impede fluid flow therein.

6 ('385 Patent, Col. 13:40-43.)

### B. Principles of Claim Construction

8  A principle of patent claim construction is that the words of a claim are to be given their

9 ordinary and customary meaning, which is the meaning that the words would have to a person of

10 ordinary skill in the art at the time of the invention.  Phillips v. AWH Corp., 415 F.3d 1303, 1312-13

11 (Fed. Cir. 2005).  A person skilled in the art is deemed to have read the claims and written

12 description and to have knowledge of any special meaning and usage of the words used in the

13 claims.  Id. at 1313.  Thus, in the claim construction process, the Court should start by reviewing

14 these same resources to derive definitions for the words and phrases in the claims.  Id.

### C. Proposed Definitions

16  Both parties contend that the phrase "adapted to" is an ordinary and customary phrase and

17 should be given its ordinary and customary meaning. (See Plaintiffs' Brief Regarding Claim

18 Construction of the "Adapted To" Claim Term, "Pls.' Br.," Docket Item No. 930, at 3; Defendant's

19 Brief in Support of Claim Construction of the Phrase "Adapted To," "Def.'s Br.," Docket Item No.

20 931, at 2.)  However, they proffer different meanings for the phrase both based on dictionary

21 definitions.

22  Plaintiffs Boston Scientific Corp. and Target Therapeutics, Inc. contend that "adapted to"

23 should be construed to mean **"configured to"** to convey that the elongate tip portion was designed

24 (i.e., configured) to multiply fold upon itself.  (Pls.' Br. at 3.)  Defendant Cordis Corp. ("Defendant")

25 contends that the term should be construed to mean **"suitable for"** because that is the plain and

26 ordinary meaning of "adapted to."  (Def.'s Br. at 1.)

2

**D.      Construction of Phrase**

In accordance with the principles of claim construction articulated in <u>Phillips</u>, the Court turns first to the intrinsic evidence to construe the phrase "adapted to."

Claim 7 of the '385 Patent discloses an elongate distal tip "capable of"[1] being multiply folded upon itself:

> An apparatus for use in occluding a body cavity comprising: . . . a detachable elongate distal coupled to said wire, said elongate distal tip being a relaxed coil **capable of** being multiply folded upon itself.

('385 Patent, Col. 13:33-39.)  Claim 8, which depends from Claim 7, claims an elongate distal tip "adapted to" be multiply folded upon itself:

> The improvement of claim 7 wherein said elongate distal tip is a long and substantially pliable segment **adapted to** be multiply folded upon itself to sufficiently occupy said body cavity to impede fluid flow therein.

('385 Patent, Col. 13:40-43.)

Under the doctrine of claim differentiation, there is a presumption that when different words or phrases are used in separate claims, they are presumed to have different meanings.  See <u>Comark Communications Inc. v. Harris Corp.</u>, 156 F.3d 1182, 1187 (Fed. Cir. 1998).  There is no dispute between the parties that the phrase "capable of" means "having the ability to."  (<u>See</u> Stipulation Regarding the Court's August 21, 2006 Order Re: Claim Construction of the "Multiply Folded" Term, Docket Item No. 928.)  An object may be "capable of" multiply folding upon itself, even if it is not intentionally and specifically made in a way that would cause it to multiply fold.  Thus, "capable of" is a broader term than "adapted to."

The definition asserted by Defendant Cordis, namely "suitable for" is similar to "capable of." That is, a device could be suitable for multiply folding upon itself, without being intentionally and specifically made in a way that would cause it to multiply fold.  Moreover, Defendant's proposed definition of "suitable for" does not follow from a plain dictionary definition of the word "adapt." Widely accepted dictionary definitions of "adapt" are "to make fit (as for a specific new use or

---

[1] The term "capable of" is also used in Claims 15, 32, and 38 of the '385 Patent.

3

situation)," (Merriam-Webster's Collegiate Dictionary 13 (10th ed. 1998)), and "to make suitable to a specific use or situation." American Heritage College Dictionary 15 (3d ed. 1993). No dictionary that Defendant has cited defines "adapt to" to mean "suitable for."

On the other hand, Plaintiffs' proposed definition of "configured to" embraces the concept of a device intentionally and specifically made to act in a certain way. A widely accepted dictionary definition of the word "configure" means "[t]o design, arrange, set up, or shape with a view to specific applications or uses." American Heritage Dictionary 386 (4th ed. 2000). The written description of the '498 patent supports the definition of "configured to" because it discloses embodiments in which specific types of materials and wire dimensions are used to make coils that act in certain ways. ('498 Patent, Col. 9:6-13.)

### III. CONCLUSION

The Court construes "**adapted to**" to mean **"configured to."**

Dated:  December 20, 2006

JAMES WARE
United States District Judge

4

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Christopher T. Holding cholding@goodwinprocter.com
David T. Pritikin dpritikin@sidley.com
Edward V. Anderson evanderson@sidley.com
Georgia K. Van Zanten gvanzanten@sidley.com
Hugh A. Abrams habrams@sidley.com
J. Anthony Downs jdowns@goodwinprocter.com
Julie Lynn Fieber jfieber@flk.com
Lisa Anne Schneider lschneider@sidley.com
Marc A. Cavan mcavan@sidley.com
Matthew T. Powers mpowers@sidley.com
Michael Francis Kelleher mkelleher@flk.com
Patrick E. Premo ppremo@fenwick.com
Patrick S. Thompson pthompson@goodwinprocter.com
Paul F. Ware pware@goodwinprocter.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Stephanie Pauline Koh skoh@sidley.com
Susan E. Bower sbower@sidley.com
Teague I. Donahey tdonahey@sidley.com
Tracy J. Phillips tphillips@sidley.com

**Dated:  December 20, 2006**                              **Richard W. Wieking, Clerk**

                                                          **By:  /s/ JW Chambers**
                                                               **Elizabeth Garcia**
                                                               **Courtroom Deputy**