**\*E-FILED 4/15/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et al., | NO. C 02-1474 JW (RS) |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL** |
| v. | |
| CORDIS CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Cordis Corporation moves to compel plaintiffs and their licensor, non-party the Regents of the University of California ("UC"), to produce certain documents withheld under a claim of privilege. Pursuant to Civil Local Rule 7-1 (b), the Court finds this matter suitable for disposition without oral argument.

In a related action, The Regents of the University of California v. Micro Therapeutics, Inc, et al., C 03 05669 JW (RS) ("the MTI action"), the Court granted a motion to compel production of these same documents, finding that UC could not proffer a particular good faith defense at the then-imminent trial while simultaneously withholding the documents. UC immediately announced that it would *withdraw* that defense and offer no evidence or argument on the point at trial, and on that basis it applied for leave to seek reconsideration of the order to produce. UC also took steps to

1

1 ensure that any objections it might need to file before the presiding judge would be timely. The MTI
2 action settled before any further proceedings took place, and it has now been dismissed.

Although the order granting the motion to compel in the MTI action was not expressly made conditional, the rationale was that UC's then-*planned* introduction at trial of a good faith defense would have the effect of waiving the privilege as to these documents. Nothing in the order preluded UC from concluding it would rather preserve the privilege than pursue that particular defense. The anticipated waiver upon which the motion to compel was granted never came to pass, and thus there is no basis to require the production of those documents now. Accordingly, the motion to compel will be denied.

## II  DISCUSSION

This motion to compel seeks production of four letters exchanged among UC's patent prosecution attorneys and their client and a party with a common-interest, all of which largely related to a specific prior art search that had been conducted.[1] Cordis makes no suggestion that the letters were not subject to the attorney-client privilege in the first instance; it argues only that the Court previously found that the privilege has been waived.[2]

The Court's order granting the motion to compel these documents in the MTI action stated, in relevant part:

> [UC's] trial brief states its intention to prove that, "Mr. Dawes went
> above and beyond his obligations to the PTO during prosecution . . . .
> Although not required, Mr. Dawes even requested an independent

---

[1] The motion also seeks production of the complete results of that prior art search, asserting that only an incomplete or redacted copy of the results have been produced. UC's opposition asserts that Cordis has been directed to where a copy of the results may be found in the public record, and discusses only the four letters as being in controversy. Cordis's reply brief, however, does not acknowledge that the dispute is any narrower than was set out in its moving papers, but neither does it discuss the adequacy of UC's citation to where the results of the search may be found. Accordingly, the record is not entirely clear as to whether or not production of the search results is still a matter of dispute.

[2] Cordis makes a secondary argument that the privilege was waived by the failure of UC or others to include these documents on a privilege log. Cordis has not shown that the circumstances warrant a finding of waiver on that basis.

2

United States District Court
For the Northern District of California

> prior art search, incorporating the results of that search into the patent application. No intent to deceive can be found in light of this evidence." Because the fact that Mr. Dawes commissioned an "independent prior art search" is being used as evidence of his good faith, [UC] has squarely put in issue the materials it claims are privileged . . . . [UC] cannot offer the fact of the search to prove Dawes's good faith (or, more precisely, to rebut defendant's claims of inequitable conduct) while simultaneously shielding information as to what he may have known about how that search was conducted and other such matters.

Order filed October 12, 2007, in the MTI Action.

The order represented an application of the so-called "waiver by affirmative reliance" doctrine. See *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield. [Citation.] Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.")[3]  By definition, the waiver arises when the affirmative reliance takes place. Here, UC merely announced an *intention* to present a defense at trial that, in the Court's view, would give rise to a waiver. Because the discovery rules contemplate an exchange of relevant materials *prior* to trial, the Court granted the motion to compel based on that anticipated waiver, even though it technically had yet to occur.

There may be circumstances under which a party may plead or argue a matter in pre trial proceedings such that a waiver occurs at that point in time. There may also be circumstances under which it would be unduly prejudicial to permit a party to withdraw a claim or a defense that it has previously stated would be pursued. No such circumstances appear here. Cordis has not identified any prejudice to it resulting from the fact that for a very short period of time, UC was on record as intending to present this defense in the MTI action.

---

[3] As in the MTI action, UC continues not to distinguish fully between this concept and that of selective waiver. The latter applies when disclosure of some *part* of attorney-client communications would render it unfair to withhold other parts. Waiver by affirmative reliance, in contrast, can arise even when *no* specific attorney-client privileged information has been disclosed. See *United States v. Bilzerian*, 926 F.2d 1285, 1291- 1292 (2d Cir.1991) (rejecting argument that waiver could not be found where defendant sought to offer testimony of his good faith attempt to comply with law without revealing "the content or even the existence of any privileged communications.") Contrary to what UC argues, the "sword" and "shield" metaphor applies even in such circumstances. *Id*. at 1292.

3

Cordis's insistence that *Genentech, Inc. v. U.S. International Trade Commission*, 122 F.3d 1409 (Fed.Cir. 1997) controls here is unavailing. In *Genentech* there was no question that the event supporting a finding of waiver (an inadvertent production of privileged materials) had taken place in an earlier proceeding. *Genentech* does support the notion that *if* a waiver had occurred in the MTI action, UC could not assert the privilege now, even though this is a different proceeding, involving different parties. Nothing in *Genentech*, however, even addresses the issue presented here, where the conclusion was only that a waiver *would* occur upon presentation of a certain defense.[4]

Finally, Cordis suggests that its motion to compel can be granted with respect to *plaintiffs* in this action because they filed no opposition. While better practice may have been for plaintiffs to file a one page "joinder" in UC's opposition, a separate opposition from plaintiffs would have been wasteful. Plaintiffs will not be penalized for choosing not to add to the paperwork.

## III. CONCLUSION

The motion to compel is denied.

IT IS SO ORDERED.

Dated: April 15, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[4] UC also resists production by arguing the documents are not *relevant* to any issues that remain in this case. Cordis counters that UC should not be permitted to "hide the ball for years" by failing to disclose the existence of relevant documents until after dispositive rulings have narrowed the issues. Cordis's argument fails to take into account the fact that even if the privilege had been waived, that would have occurred only late last Fall, and Cordis would not have been entitled to the documents at any time prior to then. Nevertheless, in light of the conclusion that the documents remain privileged, the Court need not consider whether they are relevant or not.

ORDER DENYING MOTION TO COMPEL
C 02-1474 JW (RS)

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Hugh A. Abrams     habrams@sidley.com, efilingnotice@sidley.com

Edward V. Anderson     evanderson@sidley.com, eleiva@sidley.com

Susan E. Bower     sbower@sidley.com

Marc A. Cavan     mcavan@sidley.com

Teague I. Donahey     tdonahey@sidley.com, sheila.brown@sidley.com

J. Anthony Downs     jdowns@goodwinprocter.com

Julie Lynn Fieber     jfieber@flk.com

Michael Francis Kelleher     mkelleher@flk.com

Amanda Marie Kessel     akessel@goodwinprocter.com

Stephanie Pauline Koh     skoh@sidley.com

Tracy Jean Phillips     tphillips@sidley.com, grodriguez@sidley.com

Matthew Thomas Powers     mpowers@sidley.com, alrea@sidley.com

Patrick Eugene Premo     ppremo@fenwick.com, mguidoux@fenwick.com

David T. Pritikin     dpritikin@sidley.com, efilingnotice@sidley.com, puhlenhake@sidley.com, shomorozan@sidley.com

Lisa Anne Schneider     lschneider@sidley.com, efilingnotice@sidley.com

Rainer Schulz     Rainer_Schulz@atala.com

Roland Schwillinski     rschwillinski@goodwinprocter.com

Joel Dashiell Smith     jsmith@flk.com

Allison H Stiles     astiles@goodwinprocter.com

Michael G. Strapp     mstrapp@goodwinprocter.com

Patrick Shaun Thompson     pthompson@goodwinprocter.com

ORDER DENYING MOTION TO COMPEL
C 02-1474 JW (RS)

5

1  Georgia Kloostra VanZanten    gvanzanten@sidley.com, eleiva@sidley.com

2  Paul F. Ware , Jr    pware@goodwinprocter.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

6  **Dated: 4/15/08**                                              **Richard W. Wieking, Clerk**

                                                                   **By:**      **Chambers**

ORDER DENYING MOTION TO COMPEL
C 02-1474 JW (RS)

6