**\*E-FILED 1/23/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et. al., | NO. C 02-1474 JW (RS) |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL** |
| v. | |
| CORDIS NEUROVASCULAR, INC., | |
| Defendant. | |

In this patent litigation, Boston Scientific Corp. ("BSC") filed suit against Cordis Neurovascular, Inc. ("Cordis") claiming that Cordis' product infringes three BSC patents.[1] In its affirmative defense, Cordis contends that two of these BSC patents are invalid over the prior art "Ritchart" '069 patent. Cordis moves to compel BSC to designate a person most knowledgeable on issues raised in documents and video files produced after the close of discovery. Cordis argues that deposition testimony on these materials is relevant to whether the Ritchart patent discloses a "relaxed" or "soft" coil utilized in endovascular surgery pertaining to its invalidity defense. BSC objects on the grounds that the discovery Cordis seeks is irrelevant and untimely. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons

---

[1] The patents-in-suit are United States Patent Nos. 5,895,385 ("the '385 patent"), 6,010,498 ("the '498 patent"), and 6,238,415.

1

explained below, the motion to compel will be denied.

Under the Federal Rules of Civil Procedure, parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The testimony Cordis seeks here relates primarily to test methods and competitive testing of products commercialized by BSC, Cordis, and other companies. Cordis argues that documents after the priority date of the patents-in-suit are directly relevant to the extent that they may explain a prior art reference. That is, BSC's softness testing may indicate whether the Ritchart patent disclosed a soft coil.

Cordis has not made it sufficiently clear how the requested deposition testimony bears on the disclosure of the Ritchart patent. First, none of the documents contain direct reference to the Ritchart patent or the coils disclosed by the patent. Second, the test data were obtained several years after the priority date of the patents-in-suit. The '385 and '498 patents claim priority to an application filed March 13, 1990, and a continuation-in-part application filed February 24, 1992. The earliest document about which Cordis seeks testimony is from a laboratory notebook recording coil softness testing conducted in 1996 and the majority of the deposition topics involve documents from 2001 and later. Consequently, BSC maintains that the information Cordis seeks has no relation to its invalidity defense because obviousness is determined as of the time of the invention, here the 1990 and 1992 priority dates. *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1480 (Fed. Cir. 1997). At most, an indirect relationship exists between the noticed deposition topics and the Ritchart patent. Although documents created after a patent's priority date may be relevant to determining whether the patent is obvious, Cordis has not offered an adequate explanation of the relevance in this case. While the Federal Rules of Civil Procedure allow for liberal discovery, a party is not entitled to take discovery on materials not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

The testimony Cordis seeks also is improper because the deposition is untimely. Discovery closed in December 2004 and trial is scheduled to begin on February 24, 2009. Cordis emphasizes

2

that the noticed topics cover documents produced by BSC long after the close of discovery. It explains that it first requested an additional deposition witness over two years ago, but agreed with BSC to wait for pending summary judgment motions to be resolved. While BSC made statements that it would consider the deposition request after summary judgment motions were decided, the statements fall short of an agreement to make another 30(b)(6) witness available. That said, the fact remains that Cordis already had the opportunity to depose witnesses on the issue of coil softness and any further deposition at this late date would be prejudicial to BSC. The majority of the documents referenced in Cordis' December 5, 2008 notice of deposition were produced by BSC nearly ten months earlier. Documents relating to coil softness charts and graphs and compression softness analysis were produced more than fifteen months ago. Because Cordis failed to demonstrate the relevance of the deposition topics to invalidity and waited several months before serving its notice of deposition, Cordis' motion to compel a Rule 30(b)(6) deposition is denied.

IT IS SO ORDERED.

Dated: January 23, 2009

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL
C 02-1474 JW (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Allison H. Stiles    astiles@goodwinprocter.com

Amanda Marie Kessel    akessel@goodwinprocter.com

David T. Pritikin    dpritikin@sidley.com, efilingnotice@sidley.com, puhlenhake@sidley.com, shomorozan@sidley.com

Edward V. Anderson    evanderson@sidley.com, eleiva@sidley.com

Georgia Kloostra VanZanten    gvanzanten@sidley.com, eleiva@sidley.com

Heather P. Sobel    hsobel@goodwinprocter.com, ecooper@goodwinprocter.com

Hugh A. Abrams    habrams@sidley.com, efilingnotice@sidley.com

J. Anthony Downs    jdowns@goodwinprocter.com

Jason M. Horst    jhorst@flk.com

Joel Dashiell Smith    jsmith@flk.com

Julie Lynn Fieber    jfieber@flk.com

Lisa Anne Schneider    lschneider@sidley.com, efilingnotice@sidley.com

Marc A. Cavan    mcavan@sidley.com

Matthew Thomas Powers    mpowers@sidley.com, ldonohue@sidley.com

Michael F. Kelleher    mkelleher@flk.com

Michael G. Strapp    mstrapp@goodwinprocter.com

Patrick Eugene Premo    ppremo@fenwick.com, mguidoux@fenwick.com

Patrick Shaun Thompson    pthompson@goodwinprocter.com

Paul F. Ware , Jr    pware@goodwinprocter.com

Rainer Schulz    Rainer_Schulz@atala.com

Robert D. Leighton    rleighton@sidley.com

Roger B. Mead    rmead@flk.com

Roland Schwillinski    rschwillinski@goodwinprocter.com

Stephanie Pauline Koh    skoh@sidley.com

Susan E. Bower    sbower@wsgr.com, rpezzimenti@wsgr.com

Teague I. Donahey    tdonahey@sidley.com

ORDER DENYING MOTION TO COMPEL
C 02-1474 JW (RS)

4

Tracy Jean Phillips     tphillips@sidley.com, grodriguez@sidley.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/23/09**                                        **Richard W. Wieking, Clerk**

                                                          **By:**     **Chambers**

ORDER DENYING MOTION TO COMPEL
C 02-1474 JW (RS)

5